IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Owners Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:20-03187-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Foxfield Commons, POA, Inc. | ) | |
| d/b/a Foxfield Commons, and | ) | |
| Storm Team Construction, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of Storm Team Construction's ("Storm Team") motion to set aside default judgment pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. (Mot. Set Aside Default J., ECF No. 25.) In its motion, Storm Team requests that the court vacate its entry of default judgment in favor of Owners Insurance Company ("Owners"), alleging that the judgment is void due to insufficient service of process under Rule 60(b)(4) of the Federal Rules of Civil Procedure. (Order Granting Mot. Default J., ECF No. 21.) For the reasons stated below, the court denies the motion.

**I. FACTUAL AND PROCEDURAL HISTORY**

On September 4, 2020, Owners filed an action in this court against Foxfield Commons, POA, Inc. d/b/a Foxfield Commons ("Foxfield"), and Storm Team requesting declaratory relief. (Compl., generally, ECF No. 1.) This action arose from an insurance dispute regarding hail damage to buildings located in the Foxfield Commons Development in Greer, South Carolina. (Mot. Set Aside Default J. 2, ECF No. 25); (Resp. Opp'n 2, ECF No. 26.) Storm Team was hired to repair the roofs on the buildings in the Foxfield Commons Development.

1

(Resp. Opp'n 2, ECF No. 26.)  Owners paid Storm Team $217,576.56 for the work.  (Id. 2, ECF No. 26.)  However, Storm Team disputed the amount Owners paid it under Foxfield's insurance policy and requested that Owners pay additional funds.  (Id. 2, ECF No. 26.)  Owners submits that Storm Team is not entitled to any further payment on the hail claim at issue.  (Compl., generally, ECF No. 1.)  Specifically, Owners contends that Storm Team has failed and refused to provide the actual repair cost it expended, and to show that the repair cost exceeded the $217,576.56, that Owners has already paid.  (Id. ¶ 28, ECF No. 1.)  In addition, Owners submits that Storm Team is not entitled to an appraisal and has not shown any interest in the property.  (Id.)

Owners filed an acceptance of service of the complaint on September 25, 2020, indicating that Storm Team had accepted service of the summons and complaint on September 18, 2020, and the deadline for Storm Team to answer or otherwise plead was October 9, 2020.  (Certificate of Service, ECF No. 6); Fed. R. Civ. P. 12(a)(1)(A).  Having received no response from Storm Team by October 9, 2020, Owners requested entry of default on February 23, 2021.  (Request Entry Default, ECF No. 16.)  The Clerk entered default on February 23, 2021, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  (Entry of Default, ECF No. 17.)  On February 24, 2021, Owners filed a motion for default judgment.  (Mot. Default J., ECF No. 19.)  The court granted Owners' motion for default judgment on March 3, 2021.  (Order Granting Mot. Default J., ECF No. 21.)  Default judgment was entered in favor of Owners and against Storm Team on March 11, 2021.  (Default J. Entered, ECF No. 24.)

On August 20, 2021, Storm Team filed a separate lawsuit seeking declaratory judgment against Owners, raising the same issues raised in this case.  (Compl. (C.A No. 6:21-cv-02679-

HMH), ECF No. 1.)  After service on September 1, 2021, Owners promptly moved to dismiss the separate lawsuit based on res judicata on September 20, 2021, and Storm Team voluntarily dismissed the separate lawsuit on October 1, 2021.  (Mot. Dismiss (C.A. No. 6:21-cv-02679-HMH), ECF No. 11); (Not. Voluntary Dismissal (C.A. No. 6:21-cv-02679-HMH), ECF No. 12.)  The same day, Storm team filed the instant motion to set aside the default judgment in this action, over a year after it first received notice of the instant action.  (Mot. Set Aside Default J., ECF No. 25.)

     Storm Team's current counsel asserts that she was unaware that default judgment had been entered against Storm Team until Owners filed a motion to dismiss.  (Mot. Set Aside Default J. 1, ECF No. 25.)  However, Storm Team readily admits that it was aware of the default judgment.  (Reply 1, ECF No. 27.)   It is also apparent that Storm Team's counsel at the time, Evan Wolfe ("Wolfe"),[1] was aware that the instant lawsuit had been filed against Storm Team as early as September 14, 2020.  (Resp. Opp'n (Email Correspondence 4), ECF No. 26-1.)

     In a September 14, 2020 email, Owners informed Wolfe that it had filed this lawsuit and attached a copy of the complaint and answers to Local Rule 26.01 interrogatories to the email. (Id. (Email Correspondence 4), ECF No. 26-1.)  Wolfe responded to the email from Owners, confirming that Wolfe received it.  (Id. (Email Correspondence 1-2), ECF No. 26-1.)  Further, it is undisputed that Storm Team's "Office Manager," Kristin Curry ("Curry"), received the certified mail containing the summons and complaint at Storm Team's office on September 18, 2020.  (Certificate of Service Ex. A (Address Form), ECF No. 6-1); (Mot. Set Aside Default J.

---

[1] Storm Team concedes that Wolfe was its counsel during the pendency of the action. (Reply 1, ECF No. 27)  Storm Team obtained new counsel at some point after the default judgment was entered in this case.  (Id. 1, ECF No. 27.)

3

(Curry Aff. ¶ 5), ECF No. 25-5.) In addition, Owners has provided a copy of an email from Wolfe to co-defendant Foxfield on October 16, 2020. (Resp. Opp'n (Email Correspondence), ECF No. 26-2.) Wolfe copied Brian Arnold, who has a Storm Team email address, on the email discussing the instant lawsuit. (Id. (Email Correspondence), ECF No. 26-2.) Additionally, Curry's affidavit, the primary evidence submitted by Storm Team to contest service, is dated March 18, 2021, one week after the entry of default judgment.[2] (Mot. Set Aside Default J. (Curry Aff.), ECF No. 25-5); (Default J., ECF No. 24.) On October 15, 2021, Owners filed its response to Storm Team's motion to set aside default judgment. (Resp. Opp'n, ECF No. 26.) Storm Team filed its reply on October 22, 2021. (Reply, ECF No. 27.) This matter is ripe for review.

## II. DISCUSSION OF THE LAW

### A. Motion to Set Aside Default Judgment

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a court may "set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) states that a court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has

---

[2] Despite Curry's execution of an affidavit on March 18, 2021, Storm Team inexplicably waited approximately five months, until August 20, 2021, to file ***anything***. (Compl. (C.A No. 6:21-cv-02679-HMH), ECF No. 1.) The sole reason provided by Storm Team for the delay is COVID-19. (Mot. Set Aside Default J. 3, ECF No. 25.) The court is aware that COVID-19 has caused disruption for many businesses. However, Storm Team only generally asserts that a COVID-19 outbreak caused the delay. (Id. 3, ECF No. 25.) Storm Team fails to provide any details regarding the COVID-19 outbreak and only specifically states that a "head staff member" was hospitalized for an unknown period of time. (Id. 3, ECF No. 25.)

4

>been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Although the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir.1982) (internal citation omitted). Typically,

>in order to obtain relief from a judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside. If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from judgment.

Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). Further, Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1). However, a motion brought under Rule 60(b)(4) "is not subject to the reasonable time limitations imposed in the other provisions of Rule 60(b)." In re Heckert, 272 F.3d 253, 256-57 (4th Cir. 2001) (internal citations omitted).[3] "Moreover, a movant claiming relief under Rule 60(b)(4) need not establish a meritorious defense." Garcia Financial Group,

---

[3] There appears to be an intracircuit conflict within the Fourth Circuit regarding whether a Rule 60(b)(4) motion is subject to the "reasonable time" standard in Rule 60(c)(1). See Wells Fargo, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 300-303 (4th Cir. 2017) (applying the threshold timeliness requirement to a Rule 60(b)(4) motion and finding that it was not timely). However, the Fourth Circuit has "made it clear that, as to conflicts between panel opinions, application of the basic rule that one panel cannot overrule another requires a panel to follow the earlier of the conflicting opinions." McMellon v. United States, 387 F.3d 329, 333 (4th Cir. 2004) (en banc). Accordingly, the court applies the law as interpreted by the panel in In re Heckert, 272 F.3d 253 (4th Cir. 2001).

Inc. v. Va. Accelerators Corp., No. 00-1556, 2001 WL 117497 at * 2 (4th Cir. Feb. 12, 2001) (per curiam) (unpublished) (internal citations omitted). With respect to unfair prejudice, the harm must be more than "the inevitable result whenever judgment is vacated." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 265 (4th Cir. 1993) (quoting Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir. 1979)). Other factors include "the personal responsibility of the [defaulting] party, the prejudice to the [nonmoving] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

### B. Timeliness and Meritorious Defense

While both parties addressed the timeliness requirement in Rule 60(c)(1) in their respective briefs, the court concludes that this standard is inapplicable when evaluating a motion to set aside default judgment under Rule 60(b)(4). See In re Heckert, 272 F.3d at 256-57; (Mot. Set Aside Default J. 3-4, ECF No. 25); (Resp. Opp'n 7-8, ECF No. 26.) Accordingly, the court will not consider the timeliness of this motion. Further, in considering a motion to set aside default judgment under Rule 60(b)(4), the presence of a meritorious defense is not required. Garcia, No. 00-1556, 2001 WL 117497 at * 2.

### C. Unfair Prejudice

Owners asserts that it would suffer unfair prejudice solely because the incident leading to this action occurred "more than three years before the filing of the motion for relief from default judgment, and Storm Team is just now attempting to assert damages . . . ." (Resp. Opp'n 10, ECF No. 26.) However, "the issue is one of *prejudice to the adversary*, not merely the existence of delay." Colleton Preparatory, 616 F.3d at 418. "[D]elay in and of itself does

6

not constitute prejudice to the opposing party." Id. Accordingly, the court finds that Owners would not be unfairly prejudiced.

### D. Service of Process

Although Storm Team has satisfied the threshold requirements for relief from a final judgment, it must still satisfy one of the six grounds for relief listed in Rule 60(b). Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Storm Team argues that the judgment is void under Rule 60(b)(4) because Storm Team was not properly served. (Mot. Set Aside Default J. 3, ECF No. 25.) "An order is 'void' only if the court lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). "Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction." Choice Hotels Intern., Inc. v. Bonham, No. 96-2717, 1997 WL 600061 at * 1 (4th Cir. Sep. 30, 1997) (per curiam) (unpublished) (quoting Swaim v. Moltan Co., 73 F.3d 711, 719 (7th Cir. 1996)). However, "[o]nly when the jurisdictional error is 'egregious' will courts treat the judgment as void." Wendt, 431 F.3d at 413 (citing United States v. Tittjung, 235 F.3d 330, 335 (7th Cir. 2000)). Specifically, Storm Team asserts that service of process was insufficient, and therefore, the court lacked jurisdiction to enter judgment against it, because (1) "Owners did not deliver a copy of the summons and complaint to someone authorized to receive service of process," and (2) "[t]he certified mail was not addressed to the office of the registered agent." (Mot. Set Aside Default J. 7-9, ECF No. 25.)

Rule 4 of the Federal Rules of Civil Procedure provides for service of process upon a corporation in accordance with the laws of the state in which the district court sits or the state where service is being effected. Fed. R. Civ. P. 4(h), 4(e). Rule 4(d)(3) of the South Carolina

Rules of Civil Procedure[4] provides for service "[u]pon a corporation . . . , by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." S.C. R. Civ. P. 4(d)(3).

In addition, Rule 4(d)(8) provides for service by certified mail and states that,

> [s]ervice of a summons and complaint upon a [corporate] defendant . . . may be made . . . by registered or certified mail, return receipt requested and delivery restricted to the addressee . . . . Service pursuant to this paragraph shall not be the basis for the entry of a default . . . unless the record contains a return receipt showing the acceptance by the defendant. Any such default . . . shall be set aside pursuant to Rule 55(c) . . . if the defendant demonstrates to the court that the return receipt was signed by an unauthorized person.

S.C. R. Civ. P. 4(d)(8). Further, the certified mail must be "addressed to the office of the registered agent, or office of the secretary of the foreign corporation at its principal office shown in its application for a certificate of authority . . . ." S.C. Code Ann. § 15-9-240(b). However, "[t]he rule . . . does not require the specific addressee to sign the return receipt." Roche v. Young Bros. of Florence, 456 S.E.2d 897, 900 (S.C. 1995).

In Roche, the South Carolina Supreme Court found that Rule 4 "serves at least two purposes. It confers personal jurisdiction on the court and assures the defendant of reasonable notice of the action." 456 S.E.2d at 899. Further, the court noted that it has "never required exacting compliance with rules to effect service of process." Id. Instead, courts are to assess "whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." Id.

---

[4] Both parties agree that South Carolina's rules will determine whether service was proper. (Mot. Set Aside Default J. 8-9, ECF No. 25); (Resp. Opp'n 5, ECF No. 26.)

Storm Team argues that Curry was an unauthorized person to accept service of process under Rule 4(d)(8). (Mot. Set Aside Default J. 7-9, ECF No. 25.) Storm Team asserts that an authorized person is defined as "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" as set forth in Rule 4(d)(3). (Id. 8, ECF No. 25.)

Owners sent a copy of the summons and complaint via certified mail, return receipt requested, to "Storm Team Construction, 4050 US Hwy 1, Suite 303, Jupiter, Florida 33477," which is Storm Team's (1) address for its registered agent, (2) principal place of business, (3) and address for service of process filed with the Office of the Florida Secretary of State. (Resp. Opp'n Ex. A (Storm Team Detail by Entity Name), ECF No. 26-3); (Resp. Opp'n (Storm Team Corp. Filing ), ECF No. 26-4); (Certificate of Service Ex. A (Address Form), ECF No. 6-1.) Curry, Storm Team's Office Manager, accepted service and signed the return receipt on September 18, 2020. (Mot. Set Aside Default J. (Curry Aff. ¶¶ 3,5), ECF No. 25-5); (Certificate of Service Ex. A (Address Form), ECF No. 6-1); (Certificate of Service Ex. B (Tracking Info.), ECF No. 6-2.) In her affidavit, Curry asserts that she is not a "registered agent" or "an officer, managing or general agent, or an agent authorized by appointment of law to receive service of process." (Mot. Set Aside Default J. (Curry Aff. ¶¶ 7-8), ECF No. 25-5.)

Storm Team has failed to demonstrate that Curry was an "unauthorized person," as contemplated in S.C. R. Civ. P. 4(d)(8). "Under Rule 4(d)(8)[,] the defendant, not the plaintiff, must prove that the receipt was signed by an unauthorized person." Roche, 456 S.E.2d at 900.

> Whether an employee may accept service on behalf of a corporation depends on the authority the corporation conferred upon the employee. . . . [T]he court must look to the circumstances surrounding the relationship and find authority which is either

> express or implied from the type of relationship between the defendant and the alleged agent. While actual authority is expressly conferred upon the agent by the principal, apparent authority is when the principal knowingly permits the agent to exercise authority, or the principal holds the agent out as possessing such authority.

Richardson v. P.V., Inc., 682 S.E.2d 263, 265 (S.C. 2009) (internal citations omitted). "An agent's high level of actual or apparent responsibility suffices to permit service to be effective as against the principal." Graham Law Firm, P.A. v. Makawi, 721 S.E.2d 430, 433 (S.C. 2012).

Curry's conclusory statement that she lacked authority fails to address her job responsibilities and authority as office manager, including handling and signing for mail. To the contrary, Curry's affidavit is completely silent about her job responsibilities and what happened to the summons and complaint after she signed for it.[5] The affidavit fails to provide any context regarding Curry's position as office manager and the facts surrounding the service of the

---

[5] What is known is that Storm Team's counsel, Wolfe, had received copies of the complaint and answers to Local Rule 26.01 interrogatories on September 14, 2020. (Resp. Opp'n (Email Correspondence 4), ECF No. 26-1.) Curry signed for the certified mail containing the summons and complaint on September 18, 2020. (Certificate of Service Ex. A (Address Form), ECF No. 6-1); (Mot. Set Aside Default J. (Curry Aff. ¶ 5), ECF No. 25-5.) Further, on October 16, 2020, Wolfe communicated via an email with Foxfield regarding this action. (Resp. Opp'n (Email Correspondence 1-2, 4), ECF No. 26-1.) In the October 16, 2020 email to Foxfield, which copied Brian Arnold of Storm Team, Wolfe wrote:

> I represent Storm Team on the assignment for the insurance claim. It is my understanding the Association was served with the lawsuit for Declaratory Action. Please confirm that you sent the lawsuit papers to your attorney. Since both Storm Team and the Association are part of this matter please give me the contact information for your Association attorney so we can get on the same page.

(Id. Ex. 2 (Email Oct. 16, 2020), ECF No. 26-2.) The subject of the email is "Lawsuit filed." (Id. Ex. 2 (Email Oct. 16, 2020), ECF No. 26-2.) It is unclear what Brian Arnold's position is with Storm Team, as the briefs are silent regarding this. However, the only conclusion that can be drawn is that Brian Arnold was Wolfe's contact at Storm Team regarding this action.

summons and complaint to support the conclusory statements that as office manager, she lacked authority to accept service. Moreover, Storm Team has not submitted an affidavit from the corporation regarding the authority that had been conferred on Curry as office manager with respect to certified mail and service of process. The court finds that Storm Team has failed to carry its burden to show that Curry lacked authority to accept service. S.C. R. Civ. P. 4(d)(8) ("Any such default or judgment by default shall be set aside pursuant to Rule 55(c) or Rule 60(b) if the defendant demonstrates to the court that the return receipt was signed by an unauthorized person.")

Storm Team also argues, as an additional ground for finding improper service, that the certified mail was not addressed to the office of its registered agent, Chad Simkins. (Mot. Set Aside Default J. 9, ECF No. 25.) The certified mail "was . . . addressed to the attention of: Storm Team Construction. While Chad Simkins' address is the same as the address of Storm Team Construction, it was not directed to the registered agent." (Id. 9, ECF No. 25.) The certified mail was "addressed to the office of the registered agent." It is undisputed that the summons and complaint was sent by certified mail to Storm Team at the address of the registered agent for Storm Team. Storm Team fails to cite any authority for the proposition that Chad Simkins' name was required to be on the envelope. "Although the better practice is to list the corporation and a person authorized to accept service on its behalf as addressees on the return receipt, no such requirement is specified by the rule." Roche, 456 S.E.2d at 900. Thus, this argument is without merit.

Irrespective, any technical defect by Owners in serving process in this case did not invalidate service of process. As fully detailed above, Storm Team's counsel and Storm Team

11

had actual notice that this action had been commenced against it. Therefore, exacting compliance with the service of process rules is not required. To the extent that there were technical defects in the service of process in this case, the dual purposes of Rule 4 have been satisfied. Under the facts of this case, Owners "sufficiently complied with the rules such that the court ha[d] personal jurisdiction [to enter default judgment] and the defendant ha[d] notice of the proceedings." Roche, 456 S.E.2d at 899.

### III. CONCLUSION

Accordingly, the court denies Storm Team's motion to set aside default judgment. The court finds that Owners complied with the rules on service of process and Storm Team has failed to carry its burden of showing that Curry was an unauthorized person. Thus, service was proper under Rule 4. Therefore, the judgment is not void under Rule 60(b)(4).

Therefore, it is

**ORDERED** that Storm Team's motion to set aside default judgment, docket number 25, is denied.

**IT IS SO ORDERED**.

                                                    s/Henry M. Herlong, Jr.
                                                    Senior United States District Judge

Greenville, South Carolina
November 2, 2021